## Harris Filson, Appellant, *v.* Jacob Greenspan.

*Mortgage—Scire facias—Opening judgment.*

A judgment on a scire facias sur mortgage will be opened at the instance of the terre-tenants, where the testimony tends to show that, after the terre-tenants had been notified to pay the mortgage, their attorney stated to the agent of the mortgagee that he was arranging to raise the money in a couple of weeks from a building association to pay off the mortgage, and was told by the agent that the arrangement would be satisfactory, and at a subsequent interview he told the agent that the loan had been arranged, and that the papers were being prepared, and the agent told him to go ahead, although in the mean time the agent had entered up the judgment on a confession made by the mortgagor. In such a case the denial of the agreement by plaintiff's agent merely raises an issue to be decided by a jury.

Argued Jan. 17, 1900. Appeal, No. 326, Jan. T., 1899, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1895, No. 914, making absolute a rule to open judgment. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Rule to open judgment.

The petition of Benjamin Finberg, agent of Elias Perlson and Annie Perlson, his wife, who are the owners in fee of premises No. 1314, South Seventh street, Philadelphia, represented that upon said premises there is a lien or mortgage dated April 1, 1895, for $1,600, payable any time within three years, the said mortgage having been executed by one Jacob Greenspan in favor of Harris Filson, substituted trustee under the will of Jacob Filson; that on April 4 or 5, after the petitioner, Benjamin Finberg, had received a letter from David E. Simon, Esq., representing the plaintiff, dated March 29, 1899, making a demand for the payment for $400 on account of the principal of the mortgage or the whole of it, he called on Mr. Simon and told him that he would arrange upon behalf of Perlson and his wife for a loan from a building association with which to pay off the mortgage, but that the association would not meet until the fourth Monday of April, and it would be about two weeks later before the title papers would be ready; whereupon the

said Simon told petitioner that the arrangement would be satisfactory and that he should go ahead with it.

The petition also alleged that on May 8, Finberg again met Simon and told him that the loan had been arranged and that the title papers were being prepared. Whereupon Simon said " all right, go ahead ; " notwithstanding that he had on May 3, without the knowledge of petitioner or the Perlsons, caused a scire facias to be issued upon said mortgage, and had had service accepted and judgment confessed by Jacob Greenspan in favor of plaintiff for $1,714.72 ; that the first knowledge petitioner or the Perlsons, owners and terre-tenants for whom the petitioner is acting, had of this proceeding was the posting of the sheriff's bills upon the premises ; that Simon knew that said Jacob Greenspan had no interest in the property, and that he is an illiterate man who could not understand the import of the papers he signed.

The answer filed by Simon denied that there was any agreement made as alleged by Finberg.

The evidence offered on behalf of the terre-tenants tended to support the averments of the petition.

The court made absolute the rule to open the judgment.

*Error assigned* was the order of the court.

*James Collins Jones*, for appellant.

*J. M. Vanderslice* and *Clarence Vanderslice*, for appellee, were not heard.

Per Curiam, February 5, 1900 :

The merest inspection of the testimony in this case shows that the learned court below did perfectly right in granting and in making absolute the rule to open the judgment. The issuing of the scire facias was in direct violation of the agreement made with the plaintiff's attorney, and cannot be sanctioned. The denial of the agreement merely raises an issue to be decided by a jury.

Judgment affirmed.